FILED (DROP BOX)

OCT 27 2020

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WASHINGTON STATE AT SEATTLE

| | |
|---|---|
| TRAVIS GLENN<br>PLAINTIFF<br>VS.<br>TRIDENT SEAFOOD COMPANY<br>DEFENDANT | 20-CV-1583 MJP<br>: CASE NO:<br>:<br>: |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Travis Glenn, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows:

1. The Plaintiff initiates the instant litigation against the Defendant pursuant to their Employment rights as an employee of the Defendant and the various infringements of these rights over the course of various incidents of discrimination and unequal treatment resulting in the direct and proximate causation of damages to the Plaintiff who is consequently seeking relief in the instant matter with all evidence enclosed substantiating these claims herein.

2. The matter has already been processed through the Equal Employment Opportunities Commision (EEOC) who have provided the Plaintiff with a right to sue letter which the Plaintiff is hereby exercising in the instant matter.

3. The Plaintiff is seeking any and all applicable relief in the instant matter including compensatory and / or punitive damages as well as any and all applicable relief including but not limited to declaratory and / or injunctive relief.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to original jurisdiction of this Court set forth in U.S.C. SS 118, 1391 and Title VII of the Civil Rights Act of 1964. Plaintiff and Defendant are diverse.

5. Venue is proper because although the Plaintiff alleges that the facts and circumstances giving rise to their causes of action occurred in Aleutians East Borough, Alaska, United States. 28 U.S.C. SS Plaintiff is a resident of King County, Washington. 118, 1391. Defendant is also a subject to personal jurisdiction therein by virtue of their substantial, continuous, and systematic commercial activities in this district. *See* 28 U.S.C. § 1391(b), (c).

## PARTIES

6. PLAINTIFF - Travis Glenn - resident in the instant district with an address of 2708 Webber Court, Steilacoom, WA 98388

7. DEFENDANT - Trident Seafoods, Inc., conducting business in the instant district with a headquarters addressed at 5303 Shilshole Ave. NW, WA, Seattle, WA 98107.

## STATEMENT OF FACTS

8. The Plaintiff began their employment with Defendant Trident Seafoods in January 2019 as a Production Processor. Shortly thereafter, they were promoted to a Timekeeper.

9. On July 4, 2019, the Plaintiff attended a work barbecue where Robert G., Shipping Manager, made comments to the Plaintiff such as "we try to keep people like you out", and "we don't want you people to take over". The Plaintiff notified the Safety Manager, Shane Flamaino, about the interaction.

10. On July 6, 2019, the Plaintiff entered the recreation room attached to the dorms where several coworkers were spending their time. The Plaintiff was there briefly, left, and returned to find a yellow rope fashioned into a noose in the exact place where the Plaintiff had been sitting.

11. The Plaintiff immediately contacted the Housing Manager, Jose, and a Safety Manager, Adrian, about the incident, and the Plaintiff wrote a statement. The Plaintiff had not heard anything for a couple of days in response to this and decided to file a police report.

12. Shortly thereafter, the Plaintiff was informed by a coworker that there was a group of Ukranian facist individuals in the facility who had animus towards minorities (black people) and that the Plaintiff should be careful around the Shipping Manager on site.

13. On July 21st the a Plaintiff was on called a "Sissy" numerous times in front of is co-workers by the Shipping Manager Robert G. The Plaintiff wrote a complaint and no action was taken.

14. On or around July 22, 2019, the Plaintiff was demoted for missing one shift after already requesting the day off due to the hostile work environment. The Plaintiff is aware of others having not been disciplined for multiple incidents of tardiness or absenteeism which constitutes an act of unequal treatment of individuals similarly situated on the basis of race *prima facie*. The Plaintiff believes the demotion was in retaliation for the written report he submitted the night prior about the harassment from the Shipping Manager Robert G.

15. The Plaintiff informed Laura Schmidt in Human Resource of the issues shortly thereafter. Schmidt unilaterally purchased the Plaintiff a plane ticket home thereby implicating the termination of their employment.

16. July 23rd the day before the Plaintiffs departure. The Plaintiff was followed by two men into a bathroom at the local pub and grill on Trident property. The two men attacked the Plaintiff while yelling out racial slurs.

17. The Plaintiff is unaware of any response taken with regards of the complaints that were filed about the various incidents that have taken place.

18. The Plaintiff avers that they were constructively discharged, the evidence of unequal treatment and negligence with regards to the maintenance of a workplace environment free of hazards and / or discriminatory treatment, as in this case, constitutes tortious conduct actionable in this Court of law specifically.

19. To wit, the Plaintiff demands compensatory damages and punitive damages in an amount to be determined in a trial by jury.

## COUNT I

## UNLAWFUL DISCRIMINATION IN THE WORKPLACE

## PURSUANT TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20. The Plaintiff hereby references and incorporates Paragraphs 1 through 19 as if though fully set forth at length.

21. The Plaintiff points to four separate incidents in which racial motive was explicitly identified as the factor influencing the conduct engaged in to support their claims of unequal treatment in the workplace based on race -

   (1) The specific quotes made by Robert G., Shipping Manager, to the Plaintiff such as "we try to keep people like you out", and "we don't want you people to take over". Calling the Plaintiff "Sissy" numerous times in front of peers

   (2) The placement of the noose in the seat where the Plaintiff was sitting in the room they were in prior to briefly leaving and returning to the same room

   (3) The attack at the local pub and restaurant

   (4) The various other acts and conduct engaged in resulting in the constructive termination of the Plaintiff without reason or alternative

22. Based on the aforementioned explicitly identifiable facts, the Plaintiff avers that enough evidence exists through their wrongful termination without basis and claims made herein to demonstrate a plausible case for unequal treatment on the basis of race in the workplace to which a jury can reasonably determine via a preponderance of the evidence that unequal treatment has

taken place in this workplace and that the Defendant organization had failed in their duties and obligations to maintain an environment free from discrimination in such a blatant manner.

23. The Plaintiff points to the blatancy of the racism and hatred that is allowed to manifest itself in this environment and workplace to support their request for a judgment via a preponderance of the evidence in the instant matter. Witnesses to these matters include Witnesses to this include: Jennifer Petty, Nina Samatailo, Andre Brown, Joseph Bison, Robert Gracia, Annabelle Magsino, Shane Flaminio, Sand Point, Alaska Police Department

24. Consequently, the Plaintiff seeks any and all applicable relief including compensatory and punitive damages as well as any and all other relief that may be deemed applicable.

## COUNT II

## GROSS NEGLIGENCE

25. The Plaintiff hereby references and incorporates Paragraphs 1 through 24 as if though fully set forth at length.

26. The Defendants had a duty to maintain a workplace environment free from discrimination throughout the period of the Plaintiff's employment, a duty that was obviously breached in the instant matter.

27. Specifically, the Defendant was notified in reports numerous times of statements made demonstrating a culture of inequality in the workplace, to the point of the placement of a noose in the seat of the Plaintiff which is inexcusable by all means to allow, and yet the Defendant intentionally chose not to act with this knowledge and information, and instead went further to terminate the Plaintiff constructively without basis as opposed to fulfilling their duties and obligations to maintain a workplace environment that is free from disrimination and racism.

28. Consequently, the Plaintiff is entitled to compensatory and punitive damages as prescribed by law if they are able to sustain a finding before a jury via preponderance of the evidence that the Defendant's breached their obligations and duties in this regard.

29. Should a finding of gross negligence be found in their favor in a trial by jury, the Plaintiff would then be entitled to any and all compensatory and / or punitive damages found by the jury with regards to the facts and matters claimed herein.

## COUNT III

## WRONGFUL TERMINATION OF EMPLOYMENT

30. The Plaintiff hereby references and incorporates Paragraphs 1 through 29 as if though fully set forth at length.

31. The Plaintiff points to the various unanswered acts of unequal treatment in the workplace environment to support their claims that they were constructively terminated without just cause.

32. The Plaintiff points further to the lack of discipline of other non-minority employees for the same minor infractions that the Plaintiff is held accountable to to substantiate their claim that they were constructively terminated without cause.

33. Even further, the Plaintiff points to the lack of just cause provided for their termination to substantiate their claims that they were wrongfully terminated without cause.

34. Consequently, the Plaintiff is seeking any and all necessary and applicable relief.

## JURY TRIAL DEMANDED

35. The Plaintiff hereby demands a trial by jury with regards to all matters contested herein.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment against the Defendant as follows:

(1) DECLARATORY JUDGMENT - in favor of the Plaintiff in the amount of 50 million dollars.

(2) COMPENSATORY DAMAGES - in an amount to be determined in a trial by jury.

(3) PUNITIVE DAMAGES - in an amount to be determined in a trial by jury.

DATED: October 15, 2020                             Respectfully Submitted,

_____ 10/23/2020