UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS GLENN,<br><br>            Plaintiff,<br><br>    v.<br><br>TRIDENT SEAFOOD COMPANY,<br><br>            Defendant. | CASE NO. C20-1583 MJP<br><br>ORDER ON PLAINTIFF'S MOTION FOR RELIEF AND STATUS CONFERENCE |

This matter is before the Court on Plaintiff's motion for relief, (Dkt. No. 60), and the Parties' status conference, (Dkt. No. 67). Having considered the motion and Defendant's response, (Dkt. No. 61), and after convening the Parties, the Court ORDERS the following:

- Plaintiff's motion for relief regarding the costs of deposition transcripts, (Dkt. No. 60), is DENIED;

- The clerk is directed to mark Plaintiff's filing at Docket Number 63 as the reply on his motion for summary judgment, (Dkt. No. 48), and to re-note the motion for summary judgment for consideration on April 8, 2022, as the Parties have clarified that the motion is now fully briefed;

- The Parties are directed to meet and confer and submit a new joint status report to the Court within 14 days of the April 7 status conference, after which the Court will set a new trial schedule.

## Background

Plaintiff Travis Glenn filed this employment-discrimination case in forma pauperis against Defendant Trident Seafood Company, his former employer. (Dkt. No. 25.) He brings claims for racial discrimination and wrongful discharge under state and federal civil rights laws. (Id. at 5–6.) The Court granted his motion to appoint an attorney but later stayed the proceeding and canceled the scheduled trial after the attorney withdrew. (Dkt. No. 47.) Plaintiff then filed a motion for summary judgment, which is pending, and the Court lifted the stay but has not yet scheduled trial. (Dkt. No. 48.)

In the instant motion, Plaintiff asks for relief regarding the cost of deposition transcripts. (Dkt. No. 60.) He says he needs the transcripts to respond to Defendant's opposition to his summary judgment motion. At the status conference, Plaintiff said he took nine depositions but did not order any transcripts, and that he seeks two transcripts in particular. Before the status conference, Plaintiff also filed a reply in his motion for summary judgment, (Dkt. No. 63), and clarified that the motion is now fully briefed.

## Discussion

### A. Plaintiff's Motion for Relief

Civil litigants generally must bear the costs and fees associated with litigation, and the Court has limited authority to cover the costs of an indigent litigant. Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989). The Court may only do so when authorized by Congress. Id. (citing United States v. MacCollom, 426 U.S. 317, 321 (1976)). The in forma pauperis statute allows the Court to waive prepayment of fees and costs. 28 U.S.C. § 1915(a)(1). But it does not permit waiving witness fees associated with a subpoena. Tedder, 890 F.2d at 211.

1 | The costs of deposition transcripts are covered by Rule 30. A court reporter must furnish
2 | a copy of a deposition transcript or recording to any party or the deponent when the reporter is
3 | "paid reasonable charges." Fed. R. Civ. P. Rule 30(f)(3). The rule does not provide for waiving
4 | that fee based on inability to pay. The in forma pauperis statute also does not authorize waiving
5 | or covering the costs of deposition transcripts. See <u>Tabron v. Grace</u>, 6 F.3d 147, 159 (3d Cir.
6 | 1993); <u>Picozzi v. Clark Cty. Det. Ctr.</u>, 2017 U.S. Dist. LEXIS 37896, at *4 (D. Nev. Mar. 15,
7 | 2017) ("The discovery provisions of the Federal Rules do not entitle a plaintiff to a free copy of
8 | his deposition transcript"). Because the Court lacks authority to grant Plaintiff the relief he
9 | seeks, his motion is denied.

10 | The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

11 | Dated April 13, 2022.

*[signature]*

Marsha J. Pechman
United States Senior District Judge