UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS GLENN, <br><br>      Plaintiff, <br><br>  v. <br><br>TRIDENT SEAFOODS CORPORATION, <br><br>      Defendant. | CASE NO. 2:20-cv-1583 <br><br> ORDER ON PLAINTIFF'S RULE 60 MOTION TO REOPEN |

This matter is before the Court on Plaintiff's Motion for Relief from a Final Judgment under Federal Rule of Civil Procedure 60(b) (Dkt. No. 84). Having reviewed the Motion and Defendant's Response (Dkt. No. 85), the Court DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff Travis Glenn brought this case pursuing claims against his former employer, Trident Seafood Company, for racial discrimination under Washington's Law Against Discrimination and Title VII of the Civil Rights Act of 1964. (Amended Complaint § III ¶¶ 1-7 (Dkt. No. 25).) The Parties settled and the Court dismissed the case pursuant to Federal Rule of

Civil Procedure 41(a)(1)(A)(ii). Glenn now moves to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b), alleging fraud on the Court.

## ANALYSIS

**A.**     **Legal Standard**

Federal Rule of Civil Procedure 60 permits the Court "[o]n motion and just terms" to "relieve a party or its legal representative from a final judgment, order, or proceeding. . . ." Fed. R. Civ. P. 60. The Court may do so "for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect:
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Id. Glenn invokes subsection (b)(3), alleging Trident committed fraud upon the Court with regards to the settlement.

Under Rule 60(b)(3), relief is only permitted when fraud, misrepresentation or misconduct is committed by the adverse party in the litigation. Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1102 (9th Cir. 2006) (internal quotation and citation omitted). Fraud, misrepresentation or misconduct committed by a non-party in the litigation is insufficient grounds for relief from judgment under Rule 60(b)(3). Id. In order to prevail under Rule 60(b)(3), the "moving party must prove by clear and convincing evidence" that judgment was obtained through fraud, misrepresentation, or other misconduct that was not "discoverable by due diligence before or during the proceeding." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

**B.     No Basis to Set Aside Order and Judgment**

The basis for Glenn's motion has to do with the check he received in exchange for settling his claims against Trident. According to Glenn's declaration, he received a check in the amount of $50,000 USD per the settlement agreement. The issue arises from the bank's failure "to honor the defendants [sic] check." (Declaration of Travis Glenn ¶ 3 (Dkt. No. 84-1).) Glenn argues that because of this, he was never made whole from the settlement agreement, which he believes acts as fraud upon the Court.

Trident argues that as an initial matter it investigated Glenn's claims in an attempt to assist him in resolving any issues regarding payment. (Response at 2.) Trident confirmed that Glenn cashed the settlement check at a Wells Fargo bank branch in Portland, Oregon, and that the settlement funds were debited from Trident's account. (Id.) Trident argues that any issue Glenn has with the funds from the settlement check are with his bank, not Trident. The Court agrees.

Glenn has not met the requirements of Rule 60(b)(3). The Court agrees with Trident that the issue of the settlement check is between Glenn and his bank, not Glenn and Trident. Glenn acknowledges that he received the settlement check and does not argue that the amount was incorrect. Instead, he alleges that "the bank has yet to honor the defendants [sic] check." (Glenn Decl. ¶ 3.) Glenn offers no evidence to suggest that Trident has anything to do with that issue, let alone provided the clear and convincing evidence that Rule 60(b)(3) requires. Because Glenn has failed to present any evidence suggesting Trident has played any role in his issue with the bank, Glenn's argument does not convince the Court that the Judgment should be set aside under Rule 60.

**CONCLUSION**

The Court has considered Glenn's Motion and finds that it fails to meet the standard set forth under Rule 60(b)(3). The Court DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 11, 2023.

Marsha J. Pechman
United States Senior District Judge